**Jaisiin BETHEA et al., Plaintiffs,**

v.

**EQUINOX FITNESS CLUB et al., Defendants.**

**No. 07 Civ.2018(JSR).**

United States District Court,
S.D. New York.

April 14, 2008.

Peter Jay Kurshan, Herzfeld & Rubin, P.C., New York, NY, for Plaintiffs.

Allan S. Bloom, Jennifer Lynn Bartle, Paul, Hastings, Janofsky & Walker LLP, New York, NY, for Defendants.

### MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

By Order dated November 14, 2007, the Court granted defendants' motion to strike the report of Dr. Gregory W. Baxter,

plaintiffs' human resources expert, pursuant to Federal Rules of Evidence 403 and 702. By Order dated January 3, 2008, the Court granted defendants' motion for summary judgment. This Memorandum states the reasons for the Court's Orders of November 14, 2007 and January 3, 2008 and directs the entry of final judgment.

By way of background, the corporate defendants (collectively, "Equinox") are a group of related entities that run health clubs throughout New York City. Individual defendant Denise Berg was formerly the General Manager of the Equinox club at Columbus Circle. Statement of Undisputed Material Facts in Support of Defendants' Motion ("Def.56.1") ¶ 11; Plaintiffs' Response to Defendants' Local Rule 56.1 Statement ("Pl.56.1") ¶ 11. Plaintiffs were employed at various Equinox clubs in New York. Def. 56.1 ¶¶ 1–6; Pl. 56.11–6.

On an undetermined number of occasions, each plaintiff witnessed Equinox members engaging in various forms of sexual activity with other members in the men's locker, steam, and sauna rooms, and each plaintiff complained to managers during their employment about having witnessed such activity. Def. 56.1 ¶¶ 16, 22, 26, 27, 31, 35, 36, 40; Pl. 56.1 ¶¶ 16, 22, 26, 27, 31, 35, 36, 40. During plaintiffs' employment, Equinox cancelled some memberships because the members had engaged in inappropriate sexual activity in Equinox facilities. Def. 56.1 ¶¶ 13, 17; Pl. 56.1 ¶¶ 13, 17. However, no plaintiff ever heard any Equinox manager say anything that the plaintiff "found offensive based on his gender." Def. 56.1 ¶¶ 20, 24, 29, 33, 38, 42; Pl. 56.1 ¶¶ 20, 24, 29, 33, 38, 42.

Contending that Equinox discriminated against them when it failed to respond adequately to their complaints about the sexual activity in the men's facilities, plaintiffs brought claims against Equinox and Berg for (1) gender discrimination in the form of a hostile work environment, in violation of Title VII, 42 U.S.C. § 2000e *et seq.,* the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.,* and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8–101 *et seq.;* (2) gender discrimination in a form that led to constructive discharge in violation of the same laws; and (3) "breach of employment rights." During the oral argument on defendants' summary judgment motion, plaintiffs agreed to voluntarily dismiss the "breach of employment rights" claim. *See* transcript, 12/19/07.

■ Turning first to the issue of the expert report, plaintiffs offer the testimony/report of Dr. Gregory W. Baxter, a human resources manager for the Washington State Criminal Justice Training Commission, who purports to be an "expert on harassment remedies." But much of Baxter's report is simply his view of the appropriate legal standards, which is the Court's province, not Dr. Baxter's. *See Marx & Co. v. Diners' Club Inc.,* 550 F.2d 505, 509–10 (2d Cir.1977). The balance is either addressed to the common understanding of a trier of fact and therefore is not helpful, *see* Rule 702, Fed.R.Evid., or is simply argument uninformed by any apparent specialized knowledge or reliable methodology. In all respects, it is inadmissible.

As to summary judgment, it is " 'axiomatic' that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of [his] sex." *Alfano v. Costello,* 294 F.3d 365, 374 (2d Cir.2002). A plaintiff must be able to evince, at the least, circumstantial evidence from which discriminatory intent can be inferred to survive a motion for summary judgment. *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir.1997). Plaintiffs'

claims under NYSHRL and NYCHRL are in these respects governed by the same standard as their Title VII claim. *See Petrosino v. Bell Atlantic,* 385 F.3d 210, 220 n. 11 (2d Cir.2004).

■ Plaintiffs' hostile work environment claims fail because they have presented no evidence from which a rational trier of fact could infer that Equinox's alleged failure to respond to plaintiffs' complaints occurred because plaintiffs were men. Plaintiffs contend that, because the inappropriate sexual activity only occurred in the men's locker rooms and other areas where only male members and male employees were permitted, Equinox knew that only male employees were being exposed to the hostile environment. But it in no way follows that Equinox's alleged failure to respond to the complaints about the activity was in any way motivated by an intent to discriminate against its male employees because they were men. The conduct of Equinox's members—engaging in sexual activity in a public place—would be equally offensive to both men and women and is not "more demeaning" of men than women. *Petrosino,* 385 F.3d at 222–23 (finding discrimination based on sex where "a reasonable person ... would consider the sexually offensive comments and graffiti ... at issue more offensive to women than to men"). Further, sexual discrimination cannot be found merely because the complained-of conduct is sexual in nature. *See Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (behavior is not sexual harassment "merely because the words used have sexual content or connotations").

Although plaintiffs' have proffered purported evidence that a female employee's complaint of sexual harassment was dealt with much more assiduously than were plaintiffs' complaints, Pl. 56.176, 85, this would-be evidence, which suffers from various deficiencies, is not admissible under the Federal Rules of Evidence and, even if it were, would not allow a reasonable juror to infer that Equinox acted with discriminatory intent when dealing with plaintiffs' complaints. The female employee's complaint concerned alleged sexual advances made toward her by her supervisor, another Equinox employee. *See* Deposition of Matthew Herbert at 75:17 to 77:16, 80:6 to 81:21, Exhibit 3 to Declaration of Peter J. Kurshan. This situation is so factually different from that alleged by plaintiffs as to be useless as a basis of comparison.

Because plaintiffs' hostile work environment claim fails, their derivative constructive discharge claim fails as well. *See Penn. State Police v. Suders,* 542 U.S. 129, 143, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004) (describing a Title VII claim for "constructive discharge resulting from ... 'hostile work environment' ").

Plaintiffs have described working conditions that the Court finds wholly inappropriate, and Equinox's lack of response to plaintiffs' complaints about these conditions, if true, is not to be condoned. But, however insensitive the Court finds Equinox's alleged behavior to be, it does not amount to sexual harassment. Without evidence of something more, a rational juror presented with the facts of this case simply could not find discrimination on the basis of sex.

Accordingly, for the reasons set forth above, defendants' motions to strike plaintiffs' expert report and for summary judgment were granted. The Clerk of the Court is directed to enter final judgment dismissing the complaint with prejudice.

SO ORDERED.